**FILED**

**JANUARY 2, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**08 C 6**

| | |
|---|---|
| GERALD E. LAMPKIN, | ) |
| | ) No. _____ |
| Plaintiff, | ) |
| | ) Judge_____ |
| v. | ) **JUDGE MANNING** |
| | ) **MAGISTRATE JUDGE ASHMAN** |
| LOYOLA UNIVERSITY MEDICAL CENTER, | ) Magistrate Judge_____ |
| | ) |
| | ) JURY DEMANDED |
| Defendant. | ) |

## COMPLAINT

NOW COMES THE PLAINTIFF, GERALD E. LAMPKIN, through his attorney, ARMAND L. ANDRY, and complaining of Defendant, LOYOLA UNIVERSITY MEDICAL CENTER, would submit the following as his complaint against Defendant:

## JURISDICTION

1. This is an action by a citizen of the United States against the Defendants, LOYOLA UNIVERSITY MEDICAL CENTER. This action arises under The Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.; the Civil Rights Act of 1871, 42 U.S.C. 1981 and Illinois laws against defamation. This court has jurisdiction under 28 U.S.C. 1331 (a), 1337 and 1343, in that the claims involved violation of federally protected rights and violations of State Rights ancillary to federal rights.

## PARTIES

2. Plaintiff, GERALD E. LAMPKIN, is an African-American citizen of the United States and a previous employee of Defendant, LOYOLA UNIVERSITY MEDICAL CENTER and at all times relevant to this complaint was Assistant Manager of Radiology Administration.

1

3. Defendant, LOYOLA UNIVERSITY MEDICAL CENTER is an employer as defined by the Civil Rights Act of 1964 and was Plaintiff's employer at all times relevant to this complaint.

## ADMINISTRATIVE ACTION

4. Plaintiff GERALD E. LAMPKIN filed charges of discrimination on September 8, 2007. Plaintiff alleged race discrimination and retaliation under charge no. 440-2007-06598.

5. Plaintiff was sent a right-to-sue letter dated October 5, 2007 advising him that he had 90 days from the receipt of the letter to file in federal court.

## FACTS

6. Plaintiff, GERALD E. LAMPKIN, began employment with Defendant on March 18, 2002 as a Laboratory Support Services Specialist.

7. At the time of his hire his job grade was grade 42 and his rate of pay was $21.00/hour or $43,680.00 annually.

8. On June 30, 2002, Plaintiff's salary was increased to $21.21/hour or $44,116.80 annually.

9. In Plaintiff's 2002-2003 annual performance review, he was rated as having fulfilled all job requirements.

10. On June 29, 2003, Plaintiff's salary was increased to $21.74/hour based on a merit increase or $45,219.20 annually

11. In Plaintiff's 2003-2004 annual performance review, he was rated as having fulfilled all job requirements.

12. On June 27, 2004, Plaintiff's salary was increased to $22.34/hour based on a merit increase or $46,467.20 annually

2

13.  On September 13, 2004, Plaintiff was placed in the position of Assistant Manager Radiology.

14.  In Plaintiff's 2004-2005 annual performance review, he was rated as having fulfilled all job requirements for the new job of Assistant Manager of Radiology.

15.  On June 26, 2005, Plaintiff's salary was increased to $24.00/hour based on a merit increase or $49,920.00 annually

16.  In Plaintiff's 2005-2006 annual performance review, he was rated as having fulfilled all job requirements.

17.  On June 26, 2006, Plaintiff's salary was increased to $25.88/hour based on a merit increase or $53,830.40 annually

18.  In December, 2006, Plaintiff took corrective action against some subordinate employees.

19.  Management officials are required to take corrective action where necessary with subordinates.

20.  White management officials who take corrective action against their subordinates are commended.

21.  Plaintiff was condemned by his white superiors Denise Punka and Kenneth Markwell.

22.  Plaintiff submitted proof of the necessity of the corrective action to prevent workplace violence and disruption.

23.   Plaintiff charged that he was being treated differently than white management officials.

24.  By letter from Denise E. Punka, dated April 11, 2007, Plaintiff was terminated from his employment allegedly for "Failure to full-fill *(sic)* Management duties; Failure to follow supervisory instructions; and Harassment, including creating a hostile work environment."

25. filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) after his termination.

26. After having filed the charge of discrimination Plaintiff sought employment with other employers.

27. Employers where Plaintiff applied after his termination contacted Defendant.

28. Other employers were given false negative information from Defendant regarding Plaintiff's tenure with Defendant.

**COUNT ONE – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED –RACE DISCRIMINATION**

29. Plaintiff repeats and realleges as paragraph 29 of his complaint paragraphs 1-28 above.

30. Title VII of the Civil Rights Act of 1964 makes it an unlawful employment practice to treat employees differently in the terms and conditions of their employment because of their race.

31. The Defendant, LOYOLA UNIVERSITY MEDICAL CENTER, has violated the abovementioned law by treating Plaintiff differently in the terms and conditions of his employment and terminating Plaintiff as compared to similarly situated white employees.

32. Plaintiff was treated differently in his conditions of employment because of his race.

33. Plaintiff was thus denied his rights under the above Act.

34. Plaintiff was damaged in amounts to be proven at trial as a result of the violation of his rights including suffering lost wages, humiliation, embarrassment, stress and other compensatory damages.

WHEREFORE, Plaintiff prays for judgment in amounts to be proven at trial for reasonable attorney's fees and costs and such other relief as the court deems appropriate.

PLAINTIFF DEMANDS TRIAL BY JURY.

**COUNT TWO – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED –RETALIATION**

35.   Plaintiff repeats and realleges as paragraph 35 of his complaint paragraphs 1-28 above.

36.  Title VII of the Civil Rights Act of 1964 makes it an unlawful employment practice to take adverse action against an employee because they engaged in protected activity or opposed discrimination.

37.  The Defendant, LOYOLA UNIVERSITY MEDICAL CENTER, has violated the abovementioned law by treating Plaintiff differently than similarly situated employees because he complained of differential treatment based on his race.

38.  Plaintiff was also treated differently than non-complaining employees who were terminated from employment because he filed charges with the Equal Employment Opportunity Commission.

39.   Plaintiff was thus denied his rights under the above Act.

40.  Plaintiff was damaged in amounts to be proven at trial as a result of the violation of his rights including suffering lost wages, humiliation, embarrassment, stress and other compensatory damages.

WHEREFORE, Plaintiff prays for judgment in amounts to be proven at trial for reasonable attorney's fees and costs and such other relief as the court deems appropriate.

PLAINTIFF DEMANDS TRIAL BY JURY.

## COUNT THREE – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1871 AS AMENDED, 42 U.S.C. 1981

41.  Plaintiff repeats and realleges as paragraph 41 of his complaint paragraphs 1-28 above.

42.  The Civil Rights Act of 1871, 42 U.S.C. 1981 makes it an unlawful to treat employees differently in the terms and conditions of their employment, or terminate employees because of their race or to retaliate against an employee for complaining about discrimination.

43.  The Defendant, LOYOLA UNIVERSITY MEDICAL CENTER, has violated the abovementioned law by treating Plaintiff differently in the terms and conditions of his employment and terminating Plaintiff as compared to similarly situated white employees or non-complaining employees.

44.  Plaintiff was treated differently in his conditions of employment because of his race and because of his opposition to differential treatment based on race.

45.  Plaintiff was thus denied his rights under the above Act.

46.  Plaintiff was damaged in amounts to be proven at trial as a result of the violation of his rights including suffering lost wages, humiliation, embarrassment, stress and other compensatory damages.

WHEREFORE, Plaintiff prays for judgment in amounts to be proven at trial for reasonable attorney's fees and costs and such other relief as the court deems appropriate.

PLAINTIFF DEMANDS TRIAL BY JURY.

## COUNT FOUR – DEFAMATION

47.  Plaintiff reasserts and realleges as paragraph 47 of this complaint paragraphs 1-28 above.

48.  The statements made by Defendant's agents, were false and were made maliciously and with intent to defame Plaintiff.

49.  The false and defamatory accusations of Defendants agents were published and circulated to employers where Plaintiff was seeking employment after he filed the charge of discrimination.

50.  That by the use and publication of said words and language used and published by Defendant's agents as aforesaid, Defendant intended to charge and assert, and to be understood as charging, asserting and were understood by the hearers of the words and language as asserting and charging that Plaintiff had failed to perform his employment in violation of his integrity and his skills as a professional.

51.  That the charges, so made and published by Defendant's agents, and so understood, and by them were malicious, false, scandalous, and unprivileged and did and does expose Plaintiff to hatred and contempt by imputing to them lack of skill at their profession.

52.  That Plaintiff has been injured and damaged in their good name and reputation by the aforementioned acts in amounts to be proven at trial.

53.  That the acts of the Defendant, through its representatives were malicious, reckless and intended to injure Plaintiff.

7

WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT ENTER JUDGMENT AGAINST THE DEFENDANT, FOR COMPENSATORY DAMAGES FOR HUMILIATION AND EMOTIONAL DISTRESS IN AMOUNTS TO BE PROVEN AT TRIAL AND FOR SUCH OTHER RELIEF AS THIS COURT DEEMS APPROPRIATE.

Respectfully Submitted,

__/s/ *Armand L. Andry*_____
Attorney for Plaintiff

ARMAND L. ANDRY
Attorney for Plaintiff
One South Dearborn, Suite 2100
Chicago, Illinois 60603
773/626-3058