IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GERALD E. LAMPKIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08 C 00006 |
| | ) | |
| LOYOLA UNIVERSITY MEDICAL CENTER, | ) | Judge Blanche M. Manning |
| | ) | Magistrate Judge Martin C. Ashman |
| Defendant. | ) | |

## ANSWER TO COMPLAINT

Defendant Loyola University Medical Center ("Defendant"), through its attorneys Meckler Bulger & Tilson LLP, responds to Plaintiff Gerald E. Lampkin's Complaint as follows:

1.  This is an action by a citizen of the United States against the Defendants, LOYOLA UNIVERSITY MEDICAL CENTER. This action arises under The Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.; the Civil Rights Act of 1871, 42 U.S.C. 1981 and Illinois laws against defamation. This court has jurisdiction under 28 U.S.C. 1331 (a), 1337 and 1343, in that the claims involved violation of federally protected rights and violations of State Rights ancillary to federal rights.

**ANSWER:** Defendant admits that Plaintiff purports to bring a claim against Defendant Loyola University Medical Center under the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.*; the Civil Rights Act of 1871, 42 U.S.C. 1981 and Illinois common laws against defamation, but denies that Plaintiff is entitled to any such relief whatsoever. Defendant admits that this Court has jurisdiction under 28 U.S.C. 1331 and 1343, in that the claims allege violations of federally protected rights and violations of state rights ancillary to federal rights. Defendant denies that it violated any federally protected rights or state protected rights. Defendant further denies that this Court has jurisdiction under 28 U.S.C. 1331(a) because there is no subarticle (a) to 28 U.S.C. 1331, and denies that this Court has jurisdiction under 28 U.S.C.

1337 because this is not a civil action arising under an Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies.

2. Plaintiff, GERALD E. LAMPKIN, is an African-American citizen of the United States and a previous employee of Defendant, LOYOLA UNIVERSITY MEDICAL CENTER and at all times relevant to this complaint was Assistant Manager of Radiology Administration.

**ANSWER:** Defendant admits the allegations contained in paragraph 2.

3. Defendant, LOYOLA UNIVERSITY MEDICAL CENTER is an employer as defined by the Civil Rights Act of 1964 and was Plaintiff's employer at all times relevant to this complaint.

**ANSWER:** Defendant admits the allegations contained in paragraph 3.

4. Plaintiff GERALD E. LAMPKIN filed charges of discrimination on September 8, 2007. Plaintiff alleged race discrimination and retaliation under charge no. 440-2007-06598.

**ANSWER:** Defendant admits that on September 8, 2007, Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, number 440-2007-06598, alleging race discrimination and retaliation.

5. Plaintiff was sent a right-to-sue letter dated October 5, 2007 advising him that he had 90 days from the receipt of the letter to file in federal court.

**ANSWER:** Defendant admits the allegations contained in paragraph 5.

6. Plaintiff, GERALD E. LAMPKIN, began employment with Defendant on March 18, 2002 as a Laboratory Support Services Specialist.

**ANSWER:** Defendant admits the allegations contained in paragraph 6.

7. At the time of his hire his job grade was grade 42 and his rate of pay was $21.00/hour or $43,680.00 annually.

**ANSWER:**   Defendant admits the allegations contained in paragraph 7.

8. On June 30, 2002, Plaintiffs salary was increased to $21.21/hour or $44,116.80 annually.

**ANSWER:**   Defendant admits the allegations contained in paragraph 8.

9. In Plaintiff's 2002-2003 annual performance review, he was rated as having fulfilled all job requirements.

**ANSWER:**   Defendant denies the allegations contained in paragraph 9 because Plaintiff's Annual Performance Planning and Review dated April 30, 2003 did not state that Plaintiff fulfilled all job requirements, but instead indicated that re-evaluation was required.

10. On June 29, 2003, Plaintiffs salary was increased to $21.74/hour based on a merit increase or $45,219.20 annually.

**ANSWER:**   Defendant admits the allegations contained in paragraph 10.

11. In Plaintiffs 2003-2004 annual performance review, he was rated as having fulfilled all job requirements.

**ANSWER:**   Defendant admits the allegations contained in paragraph 11.

12. On June 27, 2004, Plaintiffs salary was increased to $22.34/hour based on a merit increase or $46,467.20 annually.

**ANSWER:**   Defendant admits the allegations contained in paragraph 12.

13. On September 13, 2004, Plaintiff was placed in the position of Assistant Manager Radiology.

**ANSWER:**   Defendant admits the allegations contained in paragraph 13.

14. In Plaintiff's 2004-2005 annual performance review, he was rated as having fulfilled all job requirements for the new job of Assistant Manager of Radiology.

**ANSWER:**   Defendant admits the allegations contained in paragraph 14.

15.   On June 26, 2005, Plaintiff's salary was increased to $24.00/hour based on a merit increase or $49,920.00 annually.

**ANSWER:**   Defendant admits the allegations contained in paragraph 15.

16.   In Plaintiff's 2005-2006 annual performance review, he was rated as having fulfilled all job requirements.

**ANSWER:**   Defendant admits the allegations contained in paragraph 16.

17.   On June 26, 2006, Plaintiff's salary was increased to $25.88/hour based on a merit increase or $53,830.40 annually.

**ANSWER:**   Defendant admits the allegations contained in paragraph 17.

18.   In December, 2006, Plaintiff took corrective action against some subordinate employees.

**ANSWER:**   Defendant states that the allegation that Plaintiff took unspecified corrective action against "some" subordinate employees is vague and ambiguous, and denies same.

19.   Management officials are required to take corrective action where necessary with subordinates.

**ANSWER:**   Defendant admits the allegations contained in paragraph 19.

20.   White management officials who take corrective action against their subordinates are commended.

**ANSWER:**   Defendant denies that race influences the commendation of management officials.

4

21. Plaintiff was condemned by his white superiors Denise Punka and Kenneth Markwell.

**ANSWER:** Defendant denies the allegations contained in paragraph 21.

22. Plaintiff submitted proof of the necessity of the corrective action to prevent workplace violence and disruption.

**ANSWER:** Defendant denies the allegations contained in paragraph 22.

23. Plaintiff charged that he was being treated differently than white management officials.

**ANSWER:** Defendant denies the allegations contained in paragraph 23, and denies that Plaintiff was treated differently than white management officials.

24. By letter from Denise E. Punka, dated April II ,2007, Plaintiff was terminated from his employment allegedly for "Failure to full-fill *(sic)* Management duties; Failure to follow supervisory instructions; and Harassment, including creating a hostile work environment"

**ANSWER:** Defendant admits the allegations contained in paragraph 24.

25. [*sic.*] filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) after his termination.

**ANSWER:** Defendant admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) after his termination.

26. After having filed the charge of discrimination Plaintiff sought employment with other employers.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27. Employers where Plaintiff applied after his termination contacted Defendant.

5

**ANSWER:**    Defendant does not have any information or records of any such contacts, and so denies the allegations contained in paragraph 27.

28.    Other employers were given false negative information from Defendant regarding Plaintiffs tenure with Defendant.

**ANSWER:**    Defendant denies the allegations contained in paragraph 28.

## COUNT I

29.    Plaintiff repeats and realleges as paragraph 29 of his complaint paragraphs 1-28 above.

**ANSWER:**    Defendant repeats and incorporates by reference its answers to paragraphs 1 through 28 above as if fully set forth herein.

30.    Title VII of the Civil Rights Act of 1964 makes it an unlawful employment practice to treat employees differently in the terms and conditions of their employment because of their race.

**ANSWER:**    Defendant admits the allegations contained in paragraph 30.

31.    The Defendant, LOYOLA UNIVERSITY MEDICAL CENTER, has violated the abovementioned law by treating Plaintiff differently in the terms and conditions of his employment and terminating Plaintiff as compared to similarly situated white employees.

**ANSWER:**    Defendant denies the allegations contained in paragraph 31.

32.    Plaintiff was treated differently in his conditions of employment because of his race.

**ANSWER:**    Defendant denies the allegations contained in paragraph 32.

33.    Plaintiff was thus denied his rights under the above Act.

**ANSWER:**    Defendant denies the allegations contained in paragraph 33.

34. Plaintiff was damaged in amounts to be proven at trial as a result of the violation of his rights including suffering lost wages, humiliation, embarrassment, stress and other compensatory damages.

**ANSWER:** Defendant denies the allegations contained in paragraph 34.

## COUNT TWO

35. Plaintiff repeats and realleges as paragraph 35 of his complaint paragraphs 1-28 above.

**ANSWER:** Defendant repeats and incorporates by reference its answers to paragraphs 1 through 28 above as if fully set forth herein.

36. Title VII of the Civil Rights Act of 1964 makes it an unlawful employment practice to take adverse action against an employee because they engaged in protected activity or opposed discrimination.

**ANSWER:** Defendant admits the allegations contained in paragraph 36.

37. The Defendant, LOYOLA UNIVERSITY MEDICAL CENTER, has violated the abovementioned law by treating Plaintiff differently than similarly situated employees because he complained of differential treatment based on his race.

**ANSWER:** Defendant denies the allegations contained in paragraph 37.

38. Plaintiff was also treated differently than non-complaining employees who were terminated from employment because he filed charges with the Equal Employment Opportunity Commission.

**ANSWER:** Defendant denies the allegations contained in paragraph 38.

39. Plaintiff was thus denied his rights under the above Act.

**ANSWER:** Defendant denies the allegations contained in paragraph 39.

40. Plaintiff was damaged in amounts to be proven at trial as a result of the violation of his rights including suffering lost wages, humiliation, embarrassment, stress and other compensatory damages.

7

  **ANSWER:** Defendant denies the allegations contained in paragraph 40.

## COUNT THREE

  41. Plaintiff repeats and realleges as paragraph 41 of his complaint paragraphs 1-28 above.

  **ANSWER:** Defendant repeats and incorporates by reference its answers to paragraphs 1 through 28 above as if fully set forth herein.

  42. The Civil Rights Act of 1871, 42 US.C. 1981 makes it an unlawful to treat employees differently in the terms and conditions of their employment, or terminate employees because of their race or to retaliate against an employee for complaining about discrimination.

  **ANSWER:** Defendant admits the allegations contained in paragraph 42.

  43. The Defendant, LOYOLA UNIVERSITY MEDICAL CENTER, has violated the abovementioned law by treating Plaintiff differently in the terms and conditions of his employment and terminating Plaintiff as compared to similarly situated white employees or non-complaining employees.

  **ANSWER:** Defendant denies the allegations contained in paragraph 43.

  44. Plaintiff was treated differently in his conditions of employment because of his race and because of his opposition to differential treatment based on race.

  **ANSWER:** Defendant denies the allegations contained in paragraph 44.

  45. Plaintiff was thus denied his rights under the above Act.

  **ANSWER:** Defendant denies the allegations contained in paragraph 45.

  46. Plaintiff was damaged in amounts to be proven at trial as a result of the violation of his rights including suffering lost wages, humiliation, embarrassment, stress and other compensatory damages.

  **ANSWER:** Defendant denies the allegations contained in paragraph 46.

## COUNT FOUR

47.    Plaintiff reasserts and realleges as paragraph 47 of this complaint paragraphs 1-28 above.

**ANSWER:**    Defendant repeats and incorporates by reference its answers to paragraphs 1 through 28 above as if fully set forth herein.

48.    The statements made by Defendant's agents, were false and were made maliciously and with intent to defame Plaintiff.

**ANSWER:**    Defendant denies the allegations contained in paragraph 48.

49.    The false and defamatory accusations of Defendants agents were published and circulated to employers where Plaintiff was seeking employment after he filed the charge of discrimination.

**ANSWER:**    Defendant denies the allegations contained in paragraph 49.

50.    That by the use and publication of said words and language used and published by Defendant's agents as aforesaid, Defendant intended to charge and assert, and to be understood as charging, asserting and were understood by the hearers of the words and language as asserting and charging that Plaintiff had failed to perform his employment in violation of his integrity and his skills as a professional.

**ANSWER:**    Defendant denies the allegations contained in paragraph 50.

51.    That the charges, so made and published by Defendant's agents, and so understood, and by them were malicious, false, scandalous, and unprivileged and did and does expose Plaintiff to hatred and contempt by imputing to them lack of skill at their profession.

**ANSWER:**    Defendant denies the allegations contained in paragraph 51.

52.    That Plaintiff has been injured and damaged in their good name and reputation by the aforementioned acts in amounts to be proven at trial.

**ANSWER:**    Defendant denies the allegations contained in paragraph 52.

53.    That the acts of the Defendant, through its representatives were malicious, reckless and intended to injure Plaintiff.

**ANSWER:**　Defendant denies the allegations contained in paragraph 53.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed, in whole or in part, to state a claim upon which relief may be granted.

2. Plaintiff has failed to mitigate his damages.

3. The Employment Record Disclosure Act, 745 Ill. Comp. Stat. 46/1 *et seq.*, provides statutory immunity to Defendant for truthful statements in response to an employment reference inquiry.

4. Defendant acted under a conditional privilege to disclose limited information in response to direct inquiries by prospective employers.

5. Plaintiff's action is time-barred and he is not entitled to relief with respect to any events allegedly occurring more than 300 days before he filed his EEOC charge on September 8, 2007.

6. Plaintiff's action is barred based on his failure to exhaust his administrative remedies with respect to any events allegedly occurring more than 300 days before he filed his EEOC charge on September 8, 2007.

7. Plaintiff's claims are barred to the extent that they exceed the scope of his charge of discrimination filed with the EEOC.

8. Plaintiff was employed by Defendant on an at-will basis and was therefore subject to termination with or without cause and with or without notice at any time.

9. Defendant's employment actions against Plaintiff were taken for legitimate, non-discriminatory, non-retaliatory and non-pretextual business reasons.

10. Defendant has at all times acted in good faith in its dealings with Plaintiff and has not intentionally or willfully discriminated against Plaintiff or breached any duty it owed to Plaintiff in violation of any federal or state statute or common law principle and, therefore, is not liable for injunctive, declaratory, compensatory or punitive damages or prejudgment interest, attorney's fees, expert witness fees, costs or expenses whatsoever.

11. Defendant maintains a policy against unlawful discrimination, which is made known to all employees, including Plaintiff. It has developed and implemented procedures to investigate and address employees' complaints of unlawful discrimination. To the extent Plaintiff failed to avail himself of those procedures, his claims are barred.

12. Plaintiff has not alleged facts sufficient to enable Plaintiff to seek recovery of punitive damages.

                                                Respectfully submitted,

                                                /s/ Brent J. Graber
                                                One of the Attorneys for Defendant

Brian W. Bulger
Brent J. Graber
Rachel S. Urquhart
Meckler Bulger & Tilson LLP
Suite 1800
123 N. Wacker Drive
Chicago, IL 60606
Tel.: (312) 474-7900
Fax: (312) 474-7898
E-Mail:  brian.bulger@mbtlaw.com
           brent.graber@mbtlaw.com
           rachel.urquhart@mbtlaw.com

M:\12489\pleading\answer.doc

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 14, 2008, I electronically filed the foregoing Answer to Complaint with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Armand L. Andry
One South Dearborn Street
Suite 2100
Chicago, Illinois 60603
(773) 626-3058

<u>/s/ Brent J. Graber</u>
MECKLER BULGER & TILSON LLP
123 N. Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 474-7900 - Telephone
(312) 474-7898 – Facsimile