## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| GERALD E. LAMPKIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 08 C 00006 |
| | ) |
| LOYOLA UNIVERSITY MEDICAL CENTER, | ) Judge Blanche M. Manning |
| | ) Magistrate Judge Martin C. Ashman |
| Defendant. | ) |

### DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Defendant Loyola University Medical Center ("Loyola"), by and through its attorneys, pursuant to Federal Rule of Civil Procedure 33, requests that Plaintiff Gerald Lampkin ("Plaintiff") answer under oath the following First Set of Interrogatories within thirty (30) days of service hereof.

### DEFINITIONS

1.     **"You"** or **"Your"** shall mean Plaintiff, Gerald E. Lampkin, any of his agents, including attorneys, as well as any person acting or purporting to act on Plaintiff's behalf.

2.     **"Loyola"** shall mean Defendant Loyola University Medical Center and its past or present employees and agents.

3.     **"Complaint"** shall refer to the Complaint in the case styled *Gerald Lampkin v. Loyola University Medical Center et al.*, Cause No. 08-C-0006, pending in the United States District Court for the Northern District of Illinois, Eastern Division.

4.     **"Person"** shall mean the plural as well as the singular and includes, without limitation: natural persons, corporations, firms, associations, groups of persons (acting individually or as an entity), committees, boards, partnerships, joint ventures, or any other form

# EXHIBIT A

of legal business entity; and governmental agencies, departments, units, or any subdivisions thereof.

5. **"Document"** or **"documents"** shall mean the original and each non-identical copy (whether different from the original because of marginal notes, or other material inserted therein or attached thereto, or otherwise) of any written or graphic matter of any kind, however produced or reproduced, whether sent or received or neither, including drafts, and both sides thereof, and including but not limited to: telegrams; cables; facsimile messages; checks; financial statements; appraisals; telex messages; letters; memoranda; typed or handwritten notes; notations; work papers; transcripts; minutes; circulars; releases; articles; records and recordings of telephone or other conversations, of interviews, of conferences, or of other meetings; maps; charts; plans; specifications; diagrams; photographs; affidavits; statements; summaries; opinions; reports; studies; analyses; evaluations; contracts; agreements; ledgers; journals; financial statements; statistical records; desk calendars; appointment books; diaries; expense account records; lists; tabulations; summaries; sound and audio recordings; computer files, printouts and discs; data processing input and output; data compilation; microfilm and microfiche; video tapes and other video recordings; and all other records kept by written, electronic, photographic or mechanical means, and any items similar to any of the foregoing.

6. **"Communications"** shall mean communications of every sort, including but not limited to oral communications, written documents, telephone calls, electronic, computer or other technical transmissions and face-to-face meetings.

7. **"Identify"** or give the **"identity"** of, means:

    (a)    In the case of a *natural person*, state that person's full name, last known business and residence addresses, telephone numbers, the occupation of the person during the time period covered by the Interrogatory, the

person's employer, the person's title, and the relationship, if any, of that person to you.

(b)     In the case of a *business entity*, state its full name, its principal place of business, and the identity of the person or persons employed by, associated with, and/or at the company having knowledge of the matters with respect to which the entity is named.

(c)     In the case of a *document*, state the date of the event referred to in the document, the date the document was prepared, the author of the document, the name of the person who signed the document, the name of the person(s) who received the document (or copies thereof), the type of document (e.g., letter, memorandum, etc.), its present or last known location and custodian, and the substance of the document.

(d)     In the case of a *communication or event*, state the full name and occupation of the person or persons present during the communication or event; the date, time, and location of the communication or event; and the general substance or purpose of the communication or event.

8.      **"Relating to"** means directly or indirectly mentioning or describing, pertaining to, being connected with or reflecting upon a stated subject.

## INSTRUCTIONS

1.      **Claims of Privilege**. If you claim that the information sought in an Interrogatory is privileged or otherwise protected from discovery, please provide:

(a)     All information responsive to the Interrogatory in question that you do not claim is privileged or otherwise protected from discovery;

(b)     The general subject matter of the information sought that you claim is privileged or otherwise protected from discovery;

(c)     The grounds upon which you rely in claiming that the information sought in the Interrogatory or answer thereto is privileged or otherwise protected from discovery; and

(d)     The identity, if applicable, of all persons who are parties to any communications which would be disclosed in answering an Interrogatory, if the disclosure of such communication forms the basis of your objection or refusal to answer.

2.    **Claims of Relevance, Undue Burden or Vagueness**.  If you object to an Interrogatory on the ground that it is too broad (i.e., that it calls both for information which is relevant to the subject matter of the action and information which is not), provide such information as is concededly relevant.  If you object to an Interrogatory on the ground that to provide an answer would constitute an undue burden, provide such requested information as can be supplied without undertaking an undue burden.  Should any of the Interrogatories seem unclear or vague to you, please contact counsel for Loyola for necessary clarification.

3.    **Time Frame**.  Unless otherwise stated, the relevant timeframe for information responsive to these interrogatories shall be March 1, 2002 through the present.

4.    **Duty to Supplement**.  These interrogatories are continuing in nature.  If after responding you become aware of further information or documents responsive to these interrogatories, you are required to produce such additional information.  At such time as you receive information that makes a prior answer incomplete, inaccurate or misleading, a supplementary answer is required.

## INTERROGATORIES

1.    Identify all individuals with whom you have discussed your claims against Loyola, the date of any such communications, the location where the communications took place, whether the communications were written or oral, the substance of the communications, and identify all documents concerning such communications.

    **ANSWER:**

4

2.    Identify and describe all complaints of discrimination (either written or verbal) that you made against employees at Loyola, including but not limited to the identity of the individual(s) to whom such complaints were made, the date of each complaint, the substance of each complaint, and the identity of all documents concerning your answers to this Interrogatory.

**ANSWER:**

3.    Identify the individual(s) who you contend discriminated against you and for each such person identify the action you contend was discriminatory, the date of each purported discriminatory act, the identity of the individual(s) involved in or who witnessed each such act, and the identity of all documents concerning your answers to this Interrogatory.

**ANSWER:**

4.    Identify and describe the "corrective actions" you took in December 2006, as alleged in Paragraph 18 of the Complaint, including but not limited to the identity of the employees who were the subject of the "corrective actions," the conduct for which you took said corrective action, and the exact nature of the corrective action that you took.

**ANSWER:**

5.    Identify the facts supporting your allegation that white management officials are commended for taking corrective action, as alleged in Paragraph 19 of the Complaint, including but not limited to the identity of the "white management officials" and the individuals who

"commended" them, what was done to "commend" the white management officials, and the date and type of the corrective action(s) for which they were "commended."

**ANSWER:**

6.  Identify how you were condemned by Denise Punka and Kenneth Markwell as alleged in Paragraph 20 of the Complaint.

**ANSWER:**

7.  Identify how you were treated differently than white management officials as alleged in paragraph 23 of the Complaint.

**ANSWER:**

8.  Identify how Plaintiff opposed differential treatment based on race, as alleged in Paragraph 44 of the Complaint.

**ANSWER:**

9.  Identify the employers who contacted Loyola, including the dates of each such contact, the method of each such contact (whether oral or in writing), and the names and titles of the individual(s) who made the contact and the individual(s) who were contacted.

**ANSWER:**

6

10.    Identify the employers who were given false information as alleged in paragraph 23 of the Complaint, including the date of each alleged provision of false information, the nature of the false information, the method by which such information was provided (whether oral or in writing), and the individual(s) who provided such false information.

**ANSWER:**


11.    Identify all of your employers both prior and subsequent to your employment with Loyola and for each such employer provide the dates and titles of all positions held and the responsibilities associated with each such position; identify all supervisors; identify the rate of pay and benefits of each position and the dates and amounts of all pay increases for each position; state the dates and reasons of any separations from each such employer; and identify all documents concerning your answer to this Interrogatory.

**ANSWER:**


12.    Identify all work you performed for your music business or any other business entity in which you have (or had) an ownership interest during the period between March 1, 2002 and the present, the name, address, and type of business, the dates and times you performed work for the business, and income or other remuneration you received from such work.

**ANSWER:**

13.    Identify all efforts you have made to secure employment subsequent to the termination of your employment with Loyola, including but not limited to the resources you have used or consulted to locate job opportunities; prospective employers you have contacted including when you did so, by what means, with whom you communicated and the position you sought; and identify all documents concerning your answer to this Interrogatory, including but not limited to, correspondence, resumes, cover letters, telephone records and electronic communication.

**ANSWER:**


14.    Identify all legal proceedings to which you have been a party including, but not limited to, any civil actions, criminal actions, divorce proceedings, bankruptcy proceedings, child custody proceedings, arbitrations or any administrative proceeding of any type.  Identify each matter by providing the names of all parties to the proceeding, the court or administrative forum in which it is or was pending, the applicable case number, the date filed, the nature of the allegations underlying each proceeding, and the disposition of each proceeding.  Please identify all documents concerning your answers to this Interrogatory.

**ANSWER:**


15.    Identify all damages you claim in this litigation.  For each such category of damages claimed, identify the amount you claim is due and owing, the factual support or assumptions relied upon for each such calculation, and the identity of all documents supporting your claim for damages.

**ANSWER:**

16.    With respect to each individual who is retained or specially employed to provide expert testimony in this case provide a written report prepared and signed by each such witness, containing a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the expert in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the expert, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the individual has testified as an expert at trial or by deposition within the preceding four years.

**ANSWER:**

Dated: May 13, 2008

Respectfully submitted,

One of the Attorneys for Defendant

Brian W. Bulger
Brent J. Graber
Rachel S. Urquhart
Meckler Bulger & Tilson LLP
123 N. Wacker Drive, Suite 1800
Chicago, IL 60606
Tel.: (312) 474-7900
Fax: (312) 474-7898
E-Mail:    brian.bulger@mbtlaw.com
           brent.graber@mbtlaw.com
           rachel.urquhart@mbtlaw.com

M:\12486\discover\interrogs.doc

## CERTIFICATE OF SERVICE

I, Rachel S. Urquhart, an attorney, hereby certify that I caused a copy of **Defendant's First Set of Interrogatories to Plaintiff** to be served upon the following attorney of record:

> ARMAND L. ANDRY
> One South Dearborn, Suite 2100
> Chicago, Illinois 60603
> (773) 626-3058

by depositing the same in the United States Mail at 123 N. Wacker Drive, Suite 1800, Chicago, Illinois 60606 on this 13th day of May, 2008.

Rachel S. Urquhart

10

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GERALD E. LAMPKIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 08 C 00006 |
| | ) |
| LOYOLA UNIVERSITY MEDICAL CENTER, | ) Judge Blanche M. Manning |
| | ) Magistrate Judge Martin C. Ashman |
| Defendant. | ) |

## DEFENDANT'S FIRST
## SET OF DOCUMENT PRODUCTION REQUESTS TO PLAINTIFF

Defendant Loyola University Medical Center ("Loyola"), by its attorneys, pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby requests that the Plaintiff produce for inspection and copying the following documents at the offices of Defendants' attorneys, Meckler Bulger & Tilson LLP, 123 North Wacker Drive, Suite 1800, Chicago, Illinois 60606, within 30 days from the date hereof:

## DEFINITIONS AND INSTRUCTIONS

When used herein, the following words or phrases shall have the meaning indicated:

1.      **"You"** or **"Your"** shall mean Plaintiff, Gerald Lampkin, any of his agents, including attorneys, as well as any person or persons acting or purporting to act on Plaintiff's behalf.

2.      **"Loyola"** shall mean Defendant Loyola University Medical Center and its past or present employees and agents.

3.    **"Complaint"** shall mean the Complaint filed in this action styled *Gerald Lampkin v. Loyola University Medical Center,* 08 C 00006, Cause No. 1:07-cv-001274, pending in the United States District Court for the Northern District of Illinois, Eastern Division.

4.    **"Document"** or **"documents"** shall mean the original and each non-identical copy (whether different from the original because of marginal notes, or other material inserted therein or attached thereto, or otherwise) of any written or graphic matter of any kind, however produced or reproduced, whether sent or received or neither, including drafts, and both sides thereof, and including but not limited to: telegrams; cables; facsimile messages; checks; financial statements; appraisals; telex messages; letters; memoranda; typed or handwritten notes; notations; work papers; transcripts; minutes; circulars; releases; articles; records and recordings of telephone or other conversations, of interviews, of conferences, or of other meetings; maps; charts; plans; specifications; diagrams; photographs; affidavits; statements; summaries; opinions; reports; studies; analyses; evaluations; contracts; agreements; ledgers; journals; financial statements; statistical records; desk calendars; appointment books; diaries; expense account records; lists; tabulations; summaries; sound and audio recordings; computer files, printouts and discs; data processing input and output; data compilation; microfilm and microfiche; video tapes and other video recordings; and all other records kept by written, electronic, photographic or mechanical means, and any items similar to any of the foregoing.

5.    **"Relating to"** means directly or indirectly mentioning or describing, pertaining to, being connected with or reflecting upon a stated subject.

6.    **"Communication"** shall mean every disclosure, transfer, or exchange of information, whether by document or orally, whether face to face, by telephone, by facsimile, by telegraph, by telecopier, by telex, by delivery, by mail, by electronic mail or otherwise.

2

7.    If you contend that the contents of any documents requested herein are protected from disclosure by virtue of privilege, described the documents in question by stating:

(a)    each privilege that you contend applies to protect the document or information from disclosure;

(b)    each and every fact upon which you relied to support the claim of privilege;

(c)    the type of document;

(d)    the persons to whom copies of each such document were provided, by you or some other person; and

(e)    the general subject matter of the document or information.

8.    Whenever appropriate, the singular form of a word shall include the plural, and the words "and" as well as "or" shall be construed in either the disjunctive or conjunctive whenever necessary to bring within the scope of the interrogatory and any information which might otherwise be construed to be outside of its scope.

## DOCUMENT PRODUCTION REQUESTS

1.    All documents identified in your response to Loyola's First Set of Interrogatories to Plaintiff.

**RESPONSE:**

2.    All documents that support any of the facts alleged in your Complaint.

**RESPONSE:**

3.    All documents relating to communications between you, or anyone acting on your behalf, and any other person(s), including employees and former employees of Loyola,

3

concerning the matters alleged in the Complaint, including but not limited to, statements made to or by potential witnesses in this case.

**RESPONSE:**


4.    All statements obtained by you or on your behalf related to the facts and allegations set forth in the Complaint and your Charge of Discrimination.

**RESPONSE:**


5.    All documents relating to or arising from your employment with and termination from Loyola, including but not limited to performance appraisals, work product, employment policies, manuals, handbooks; time and attendance records; notices of disciplinary action; documentation of counseling sessions; correspondence; memoranda; benefit and wage information; hiring documentation; promotion documents; offers of employment; and termination documentation.

**RESPONSE:**


6.    All documents that support your contention that Loyola subjected you to different terms and conditions of employment based upon your National Origin and/or Race.

**RESPONSE:**

7.     All documents that support your contention that you were terminated based upon your National Origin and/or Race.

**RESPONSE:**

8.     All documents that in any way relate to or reflect your efforts to report to Loyola or to anyone else any acts of discrimination to which you claim you were subjected by employees of Loyola.

**RESPONSE:**

9.     All documents you submitted to the EEOC in connection with your Charges of Discrimination.

**RESPONSE:**

10.     All documents you received from the EEOC in connection with your Charges of Discrimination.

**RESPONSE:**

11.     All notes, diaries, journals, logs, recorded recollections, calendars, planners, schedules, appointment books, or other chronicles maintained by you, from January 1, 2006 to the present, relating to your employment with Loyola.

**RESPONSE:**

12.    All cassette recordings, videotapes or other electronic recordings, and any transcripts of same, of any meeting, interview, conversation or event in which you discussed your employment with Loyola or any of the allegations in your Complaint.

**RESPONSE:**

13.    All documents that relate to any investigation you conducted into the allegations set forth in the Complaint.

**RESPONSE:**

14.    All documents related to any allegations of discrimination you have made against any other employer, including but not limited to documents related to charges of discrimination you filed with the EEOC or state human rights agencies; federal or state lawsuits filed by you or on your behalf; requests for arbitration submitted by you or on your behalf and all documents related to the disposition of any such claims or filings.

**RESPONSE:**

15.    All documents concerning all attempts you have made to obtain employment subsequent to the termination of your employment by Loyola, including, but not limited to, resumes, applications, newspaper advertisements, correspondence and telephone (including cellular) records.

**RESPONSE:**

16.    All documents related to any employment you have held since your employment with Loyola was terminated, including documents reflecting the name and address of all such employers, your job duties and responsibilities, and your pay and benefits.

**RESPONSE:**

17.    All documents relating to any communications between your potential employers and LUMC.

**RESPONSE:**

18.    All state and federal income tax returns filed by you, either jointly or separately, for 2000 to the present, and all documents providing the basis for such returns, including but not limited to all W-2 forms, W-4 forms or 1099 forms reflecting income or compensation of any nature earned by you during that time period.

**RESPONSE:**

19.    All banking and financial records for any other business entities in which you have or had an ownership interest for the period of January 1, 2003 to present, including all documents related to sums you have received regardless of whether the sum was received as wages, distribution, reimbursement, etc.

**RESPONSE:**

20.    All documents reflecting dates and times you performed business transactions or otherwise performed work on behalf any other business entity in which you have or had an ownership interest from January 1, 2003 to present.

**RESPONSE:**

21.    All documents which support your request for the recovery of any monetary damages.

**RESPONSE:**

22.    All documents supporting or relating in any way to the damages you seek to recover as alleged in the Complaint, including, but not limited to, backpay, compensatory damages for emotional and physical harm, punitive damages and attorneys' fees

**RESPONSE:**

23.    To the extent you seek compensatory damages, all documents relating to the emotional and mental distress, embarrassment and humiliation you contend you suffered as a result of Loyola's allegedly discriminatory or defamatory actions, including documents that identify the doctors, healthcare providers and others who provided you treatment or consultative services for such alleged injuries, identify the date and nature of each such treatment or

8

consultative service and identify the diagnoses and/or prognoses provided by each such doctor, healthcare provider or other service providers.

**RESPONSE:**


24.     All documents concerning all expert witnesses you intend to call, or may call, on your behalf in the trial of this matter, including but not limited to, all expert reports, documents reflecting the credentials of such witnesses, and all articles and other publications written by such witnesses.

**RESPONSE:**


25.     Produce any other documents on which you intend to rely, or may rely, in the trial of this matter.

**RESPONSE:**


Dated: May 13, 2008


Respectfully submitted,

By: _____
One of the Attorneys for Defendant
Loyola University Medical Center

Brent J. Graber
Brian W. Bulger

9

Rachel Urquhart
Meckler Bulger & Tilson LLP
123 N. Wacker Drive, Suite 1800
Chicago, IL 60606
Tel.:  (312) 474-7900
Fax:  (312) 474-7898
E-Mail:      brent.graber@mbtlaw.com
             brian.bulger@mbtlaw.com
             rachel.urquhart@mbtlaw.com

M:\12486\discover\doc reqs.doc

10

## CERTIFICATE OF SERVICE

I, Brent J. Graber, an attorney, state under oath that I caused a copy of the foregoing

**Defendant's First Set Of Document Production Requests To Plaintiff** to be served upon:

> ARMAND L. ANDRY
> One South Dearborn, Suite 2100
> Chicago, Illinois 60603
> (773) 626-3058

by depositing the same in the United States Mail at 123 N. Wacker Drive, Suite 1800, Chicago,

Illinois 60606 on this 13th day of May, 2008.


_____
                    Rachel S. Urquhart